IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH ROBERT HILGERS

    Petitioner,

v.                                            CIV NO. 03-0825 MCA/ACT

RON LYTLE, Warden,

    Respondent.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Respondent Ron Lytle's Motion to Dismiss the Petition for a Writ of Habeas Corpus filed on August 22, 2003 (Doc. No. 13). The United States Magistrate Judge, having reviewed the Petition and its exhibits, the Motion to Dismiss and Memorandum in Support, the Answer and the accompanying Exhibits, finds that the Motion to Dismiss is well taken and recommends that it be GRANTED. Petitioner Joseph R. Hilgers has also moved for appointment of counsel (Doc. No. 3). The United States Magistrate Judge recommends that the motion for appointment of counsel be DENIED.

### PROPOSED FINDINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility and is proceeding *pro se* and *in forma pauperis*.

2. Petitioner pled guilty to two counts of armed robbery in cause numbered CR 00-02225,

Second Judicial District Court, County of Bernalillo, State of New Mexico. Petitioner also pled guilty to violating his parole in cause numbered CR 97- 02323, Second Judicial District Court, County of Bernalillo, State of New Mexico. The two cases were consolidated for plea and sentencing purposes. (Answer, Exhibits D, E, and F).

     3. Judgment, Sentence and Commitment was entered against the Petitioner in the consolidated case on April 30, 2001. Petitioner was sentenced to twenty-two (22) years with twelve (12) years suspended on the charges in CR 00-02225 and to one year (1) on the parole violation in CR 97-02323. The sentences were to be served concurrently. (Answer, Exhibits A and B)

     4. The two cases, although consolidated for purposes of sentencing and judgment, resulted in two filings of the documents entitled "Judgment, Sentence and Commitment". The Judgment in CR 97-02323 was filed of record on May 9, 2001. (Answer, Exhibit B). The Judgment in CR 00-02225, the one at issue in the Petition for a Writ of Habeas Corpus, was filed of record on July 23, 2001. (Answer, Exhibit A).

     4. At all times, during the Plea and Disposition as well as during the imposition of the Judgment and Sentence, Petitioner was represented by counsel. (Answer, Exhibits A, B and F).

     5. Petitioner did not file a direct appeal or a motion to reconsider his sentence.

     6. On July 14, 2003, Petitioner filed his federal petition for a Writ of Habeas Corpus. (Doc. No. 1).

     7. Respondent answered and moved to dismiss on August 22, 2003, asserting that the Petition is barred by the one year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d)(1). (Docs. No. 12 and 13).

8. AEDPA states that "the limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244 (d)(1). Petitioner had thirty (30) days from the entry of the Judgment, Sentence and Commitment in cause numbered CR 00-02225 in which to seek a review or until August 23, 2001. NMRA, 12-201(A)(2).

9. The statute of limitations for filing his federal petition for Writ of Habeas Corpus began to run August 24, 2001, the day after the Judgment, Sentence and Commitment in CR 00-02225 against Petitioner became final, and expired August 23, 2002.

10. The one year statute of limitations of AEDPA, 28 U.S.C. §2244 (d)(1), is applicable to the Petitioner and bars his Petition for a Writ of Habeas Corpus. The Petitioner filed his Petition on July 14, 2003, after the one year statute of limitations had expired.

11. Petitioner did not file any state petitions for a writ of habeas corpus until May 13, 2003, after the one year statute of limitations of AEDPA had expired. (Answer, Ex. G).

12. The tolling provisions of AEDPA contained in 28 U.S.C. §2244(d)(2) which suspend the time counted toward the one year statute of limitations during which a properly filed application for state post-conviction review is pending, are not applicable in this case.

13. Petitioner did not respond to the Motion to Dismiss but did file supplemental exhibits on August 25, 2003 (Doc. 11) which the Court has reviewed. The documents did not rebut the finding that the one year statute of limitations bars this petition. Nor did the documents raise any issues which would support the doctrine of equitable tolling. *See, Miller v. Marr*, 141 F. 3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998).

<u>RECOMMENDED DISPOSITION</u>

IT IS HEREBY RECOMMENDED that Respondent's Motion to Dismiss be GRANTED, the §2254 Petition for a Writ of Habeas Corpus be DISMISSED as time-barred, and the Petitioner's Motion for Appointment of Counsel be DENIED.

<u>NOTIFICATION</u>

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections to with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE